# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

KINGRALE COLLINS
ADC #SK945                                                                                              PLAINTIFF

V.                                               5:09CV00155 BSM/JTR

GRANT HARRIS, Warden, Varner Unit;
and REVONNA WALKER;
Classification Officer, Varner Super Max                                         DEFENDANTS

## ORDER OF DISMISSAL

Plaintiff, who is currently incarcerated in the Varner Super Max Unit of the Arkansas Department of Correction, has commenced this *pro se* § 1983 action alleging that Defendants have violated his constitutional rights. *See* docket entry #1. On June 3, 2009, the Court entered an Order giving Plaintiff thirty days to: (1) either pay the $350 filing fee, or file "a properly completed Application to Proceed *In Forma Pauperis*, along with a properly completed prisoner trust fund calculation sheet"; and (2) an Amended Complaint containing information necessary to complete the screening function mandated by 28 U.S.C. § 1915A. *See* docket entry #2 at 3-4. Importantly, the Court advised Plaintiff that the failure to timely and properly do so would result in the dismissal of his case, without prejudice, pursuant to Local Rule 5.5(c)(2).[1]  *Id.*

---

[1] Local Rule 5.5(c)(2) provides that: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. *If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.* Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure." (Emphasis added.)

On June 23, 2009, Plaintiff filed an Application to Proceed *In Forma Pauperis*. *See* docket entry #4. However, despite the clear instructions set forth in the June 3, 2009 Order, Plaintiff did not file a prisoner trust fund calculation sheet or an Amended Complaint. The time for complying with the June 3, 2009 Order has expired.

IT IS THEREFORE ORDERED THAT:

1. Pursuant to Local Rule 5.5(c)(2), this case is DISMISSED, WITHOUT PREJUDICE, due to Plaintiff's failure to timely and properly comply with the Court's June 3, 2009 Order.

2. Plaintiff's Application to Proceed *In Forma Pauperis* (docket entry #4) is DENIED, AS MOOT.

3. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order of Dismissal and the accompanying Judgment would not be taken in good faith.

Dated this 9th day of July, 2009.

                                                                        UNITED STATES DISTRICT JUDGE